PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/30/99
THOMAS K. KAHN
CLERK

_____

No. 97-8299

_____

D.C. Docket No. 1:96-CV-00102-WLH

SYLVIA CRAWFORD,

Plaintiff-Appellant,

versus

BRUCE BABBITT, Secretary
of the Department of the Interior,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 30, 1999)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CARNES, Circuit Judge, KRAVITCH, Senior Circuit Judge, and MILLS[*],
Senior District Judge.

CARNES, Circuit Judge:

_____

[*]Honorable Richard Mills, Senior U.S. District Judge for the Central District
of Illinois, sitting by designation.

The Supreme Court has vacated our prior opinion in this case, Crawford v. Babbitt, 148 F.3d 1318 (11th Cir. 1998), and remanded the case to us for further consideration in light of its decision in West v. Gibson, 527 U.S. –, 119 S. Ct. 1906 (1999). See Babbitt v. Crawford, 527 U.S. –, 119 S. Ct. 2363 (1999). In compliance with the Supreme Court's directive, we substitute this opinion for our prior one in this case.

In 1993, Sylvia Crawford, a former employee at the Fish and Wildlife Service, a Division of the Department of the Interior (the "Agency"), was sexually harassed by her supervisors and then retaliated against when she complained about it. After Crawford filed an administrative complaint, the Agency issued a final decision finding it had discriminated against her and awarding injunctive relief. Crawford subsequently brought suit in federal district court seeking compensatory damages. The court entered summary judgment against her on her claim for compensatory damages. Because we conclude that Crawford failed to exhaust her administrative remedies prior to filing this action, we affirm.

## I. BACKGROUND

Crawford worked for the Agency during the latter part of 1993. On November 8, 1993 and December 28, 1993, she filed Equal Employment Opportunity ("EEO") discrimination claims with the Agency's Office for Equal

Opportunity alleging that her supervisors had sexually harassed her and then retaliated against her when she complained. An investigator for the Agency's Office of Human Resources investigated the claims. Among other things, Crawford informed the investigator that one incident of harassment "upset" her and that the stress of the harassment led to a bleeding ulcer and other physical problems for which she had seen a doctor. The investigator issued a Report of Investigation in February 1995. By letter dated February 23, 1995, the Agency's Office of Human Resources sent Crawford the report and informed her that she could request a final decision on her claims from the Agency, with or without an administrative hearing before an Equal Employment Opportunity Commission ("EEOC") administrative judge. On March 29, 1995, Crawford requested an administrative hearing.

On May 30, 1995, Judge Davi, the EEOC administrative judge, informed Crawford and the Agency that he had scheduled a pre-hearing conference on July 17, 1995 and a hearing on July 25, 1995. At the pre-hearing conference, the parties discussed their settlement negotiations. The Agency stated that it would not consider monetary settlement for compensatory damages because Crawford had not provided it with objective evidence of her alleged injuries or evidence demonstrating a causal connection between the harassment and Crawford's alleged

3

injuries. The Agency also requested Crawford to provide any medical records or other evidence she intended to rely on at the July 25, 1995 hearing to substantiate her alleged injuries and causation. Crawford did not provide the Agency with the medical records or any other evidence, but she did indicate that two doctors would testify at the hearing to substantiate her entitlement to compensatory damages.

On July 25, 1995, Crawford requested a continuance of the hearing. Judge Davi denied the request and renewed settlement discussions between the parties. The Agency stated it would not pay Crawford compensatory damages unless she produced the evidence substantiating her injuries and causation as it had requested. After learning that the two doctors Crawford mentioned at the pre-hearing conference would not be testifying at the hearing, Judge Davi informed her that the hearing would proceed; but he also warned her that without the substantiating medical evidence, no compensatory damages would be awarded. Crawford then elected to waive the hearing and requested a final decision from the Agency on her claims. Although fully aware that the Agency had requested additional evidence to substantiate her alleged injuries and causation, Crawford did not submit that evidence in the nearly three months prior to the issuance of the Agency's final decision.

The Agency issued its final decision on October 20, 1995. In the decision, the Agency found it had subjected Crawford to sexual harassment and retaliation in violation of Title VII, and it awarded her injunctive relief, costs, and attorney fees. Although the decision noted Crawford's contention that she had "developed physical problems from the stress of [her] supervisor's sexual harassment," it did not award Crawford compensatory damages for those alleged injuries. The decision informed Crawford that if she was dissatisfied, she had the choice of filing an appeal with the EEOC or filing a civil action in United States District Court. She chose the latter option.

On January 12, 1996, Crawford filed this lawsuit against Bruce Babbitt in his official capacity as Secretary of the Interior. (For simplicity, we will refer to Babbitt as the Agency). Crawford's complaint referred to the Agency's final decision and alleged that as a result of the Agency's discrimination, she had suffered hospitalization and physical, mental, and emotional distress. The complaint requested that the court (1) enter a declaratory judgment stating that the Agency had discriminated against her in violation of Title VII, and (2) "enter a judgment against the [Agency] for compensatory damages associated with the undue stress suffered by Plaintiff as a result of the unlawful employment practices of Defendant."

After the parties consented to having the case tried before a magistrate judge, Crawford moved for partial summary judgment on the issue of liability. She argued that the Agency's final decision conclusively established its liability under Title VII, and she requested that the issue of compensatory damages for her alleged injuries proceed to a jury trial. The Agency responded that since compensatory damages were not awarded as part of its final decision, Crawford could seek either (1) enforcement of the Agency's final decision but forego a claim for compensatory damages, or (2) a de novo review of the entire dispute, including liability and damages.

On March 11, 1997, the magistrate judge granted Crawford's motion for partial summary judgment as to liability and ordered the injunctive relief set out in the Agency's decision. In addition, although the Agency had not filed a summary judgment motion, the magistrate judge entered judgment for it on Crawford's claim for compensatory damages. After Crawford's motion for reconsideration of that order was denied, she appealed, contending that the magistrate judge erred in dismissing her claim for compensatory damages. The Agency did not cross-appeal the entry of judgment in Crawford's favor on the issue of the Agency's liability for violating Title VII.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment <u>de</u> <u>novo</u>, using the same legal standard employed by the district court. <u>See</u>, e.g., <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1117 (11th Cir.1993). "Summary judgment is appropriate if the record shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." <u>Witter v. Delta Air Lines, Inc.</u>, 138 F.3d 1366, 1369 (11th Cir.1998) (internal citations and quotations omitted).

### III. ANALYSIS

The crux of Crawford's claim is that she is entitled to compensatory damages for injuries she suffered as a result of the Agency's sexual harassment and retaliatory conduct in violation of Title VII. In granting judgment to the Agency on Crawford's claim for compensatory damages, the magistrate judge relied upon two grounds, either of which, if valid, will support the judgment. First, the judge found that Crawford was barred from raising her claim for compensatory damages in district court because she had failed to adequately pursue it administratively, which means she had failed to exhaust her administrative remedies, although the judge did not use exhaustion language.

7

Second, the judge ruled that Crawford's reliance on the Agency's final decision in her motion for partial summary judgment precluded her from litigating de novo the compensatory damages issue. The magistrate judge observed that, in essence, Crawford was seeking to enforce the favorable parts of the Agency's final decision (the finding of discrimination and the award of equitable relief) while at the same time litigating de novo the unfavorable parts (the failure to award her compensatory damages). The judge reasoned that since Crawford had elected to rely on the Agency's final decision, she was bound to its terms. Therefore, the judge concluded, because the Agency's final decision did not award Crawford compensatory damages, she could not recover those damages in the district court.

In our prior opinion in this case, Crawford v. Babbitt, 148 F.3d 1318 (11th Cir. 1998), we pointed out that the magistrate judge's reasons for dismissing Crawford's compensatory damages claim rested on the premise that an employing agency can award an employee compensatory damages in the administrative process as part of "full relief." Believing that compensatory damages could not be awarded in the administrative process, we concluded that neither of the grounds upon which the magistrate judge relied justified dismissal of Crawford's claim for compensatory damages.

8

Subsequently, however, the Supreme Court held in <u>West v. Gibson</u>, 527 U.S. –, 119 S. Ct. 1906, 1910 (1999), that compensatory damages can be awarded in the administrative process. In light of the Supreme Court's holding in <u>West</u>, our basis for rejecting the magistrate judge's reasons for dismissing Crawford's claim for compensatory damages is no longer valid. Accordingly, we must reconsider whether either of the magistrate judge's reasons for dismissing Crawford's compensatory damages claim is correct.

As mentioned earlier, the first ground relied upon by the magistrate judge in dismissing Crawford's claim for compensatory damages was that she had failed to exhaust her administrative remedies. A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action. <u>See</u> <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, 832-33, 96 S. Ct. 1961, 1967-68 (1976). "[T]he purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires." <u>Wade v. Secretary of the Army</u>, 796 F.2d 1369, 1377 (11th Cir. 1986). Where an agency or the EEOC requests information relevant to resolving the employee's complaint and the employee fails to provide that information, the

employee has failed to exhaust her administrative remedies. See Johnson v. Bergland, 614 F.2d 415, 418 (5th Cir. 1980) (concluding plaintiff failed to exhaust his administrative remedies where his "responses to the agency request for information were insufficient to enable the agency to determine what complaint of discrimination was made and when it had occurred"). See also Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999) ("[i]n order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation.").

Because Crawford failed to respond to the Agency's request for information relevant to her claim for compensatory damages, she failed to exhaust her administrative remedies. At the pre-hearing conference before the EEOC administrative judge on July 17, 1995, the Agency specifically requested that Crawford provide it with additional evidence substantiating her alleged injuries and the causal connection between those injuries and the harassment. She did not comply with that request. Although Crawford did promise that her doctors would testify at the hearing scheduled for July 25, 1995, when the date of that hearing arrived, she produced neither the testimony of those doctors nor any other evidence. Instead, after the Agency again informed her that, in order to resolve her

10

claim for compensatory damages, it needed the additional evidence it had

requested, Crawford elected to waive the hearing before the administrative judge

and requested   a final decision from the Agency.  Despite the fact that she knew

the Agency had requested additional evidence to substantiate her alleged injuries

and the causal connection between those injuries and the harassment, Crawford did

not submit the requested evidence to the Agency in the nearly three months prior to

the issuance of its final decision on October 20, 1995.[1]

The administrative record indicates that the only information the Agency

had concerning the injuries for which Crawford sought compensatory damages was

her statement to an investigator that the harassment had upset her and that the

stress of the harassment had led to physical problems for which she sought medical

attention.  Given the nature and paucity of that information, it was reasonable for

the Agency to seek additional information from Crawford to substantiate her

---

[1]We note that Crawford's counsel informed the magistrate judge that he believed that the administrative record would remain open to submit additional evidence concerning Crawford's alleged injuries after the Agency issued its final decision.  It is true that once the Agency issued its final decision, Crawford had the option of appealing that decision to the EEOC, see 29 C.F.R. § 1614.405, and she could have attempted to introduce additional evidence in the administrative record concerning her alleged injuries.  However, Crawford chose to immediately file this action in federal court after the Agency's final decision, thereby passing up her final opportunity to submit the additional evidence into the administrative record that the Agency had requested.

alleged injuries and the causal connection between those injuries and the harassment. Because Crawford indicated she had seen a doctor, her medical records, the testimony of her doctor, or both would have been particularly valuable to the Agency in resolving the issue of her entitlement to compensatory damages.

Had Crawford complied with the Agency's request for additional evidence, especially the medical information, substantiating her alleged injuries and the causal connection between those injuries and the harassment, the Agency could have ruled on the merits of her compensatory damages claim. The need for a court case might have been avoided. By failing to provide the Agency with the relevant information it requested to resolve her claim, Crawford did not participate in good faith in the administrative proceedings and therefore did not exhaust her administrative remedies with regard to her claim for compensatory damages. See Wade, 796 F.2d at 1377 ("[g]ood faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires."); Briley, 172 F.3d at 574 (employee's failure to comply with employing agency's request for additional information concerning her entitlement to compensatory damages "amounts to a breach of her duty to cooperate in good faith in the administrative procedure, which is a failure to exhaust administrative

remedies."). The magistrate judge's dismissal of Crawford's claim for

compensatory damages is affirmed.[2]


## IV. CONCLUSION

AFFIRMED.

---

[2]In light of our conclusion that Crawford failed to exhaust her administrative remedies, we have no occasion to address the magistrate judge's alternative reason for dismissing Crawford's claim for compensatory damages, i.e., that she could not enforce the favorable parts of the Agency's final decision (the finding of discrimination and the award of equitable relief) while at the same time litigating de novo the unfavorable parts (the failure to award her compensatory damages).

13