[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 07 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12929
Non-Argument Calendar

_____

D. C. Docket No. 05-01400-CV-LSC-S

LYNETTA B. CAIN,

Plaintiff-Appellant,

versus

PETE GEREN,
Secretary of the United
States Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 7, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lynetta Cain appeals the district court's grant of summary judgment to the

Secretary of the United States Army in her retaliation lawsuit, filed pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1]  She asserts

the district court erred in concluding she failed to demonstrate a *prima facie* case of

Title VII retaliation based on her claims the Army retaliated against her for filing

an Equal Employment Opportunity (EEO) complaint in 1995 by:  (1) giving her a

"2" on her 2001-2002 evaluation rather than a "1," and (2) not awarding her a

performance bonus for the 2001-2002 performance year.[2]  We affirm the district

court.

We review *de novo* a district court's grant of summary judgment, using the

same legal standard employed by the district court.  *Crawford v. Babbitt*, 186 F.3d

1322, 1325 (11th Cir. 1999).  Title VII makes it unlawful for an employer to

retaliate against an employee for enforcing her rights under the Act.   42 U.S.C.

---

[1] Cain expressly abandons her race discrimination claims on appeal.  Moreover, because Cain's brief does not present any argument with respect to her 42 U.S.C. § 1983 claims, we conclude that she has abandoned these claims as well.  *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 n.1 (11th Cir. 2001) (holding an appellant abandons a claim by not raising it in the initial brief on appeal).

[2] Cain also asserts, for the first time, an "ongoing" retaliation claim based on incidents that occurred during the years 1997 through 2001.  We lack jurisdiction to consider this "ongoing" retaliation claim because Cain did not administratively exhaust this claim, and the claim was not reasonably expected to grow out of the EEO complaint she filed in 2002, which was limited to incidents that occurred during the 2001-2002 performance year.  *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999).

§ 2000e-3(a). To make a *prima facie* showing of retaliation, Cain had to present evidence: "(1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994).

## I. PERFORMANCE RATING

Prior to *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405 (2006), we defined an "adverse employment action" as "an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (quotation omitted). In *Burlington Northern*, however, the Supreme Court held, *inter alia*, that Title VII's anti-retaliation provision "does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace," but also covers those actions that are "materially adverse to a reasonable employee." 126 S. Ct. at 2409. In this respect, "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* However, "[a] lower

3

score on [a] performance evaluation, by itself, is not actionable under Title VII unless [the employee] can establish that the lower score led to a more tangible form of adverse action, such as ineligibility for promotional opportunities." *Brown v. Snow*, 440 F.3d 1259, 1265 (11th Cir. 2006) (Title VII sexual harassment claim).

The district court did not err in concluding that receiving a "2" rating, the second highest performance rating, did not constitute an adverse employment action. It is undisputed that Cain was not disentitled to a bonus because of the "2" rating that she received. Specifically, Cain did not present any evidence that the "2" rating had an adverse impact on her ability to receive a promotion, raise, or any other type of employment benefit. Moreover, she failed to present any evidence, except her own self-serving allegations, that she would have been guaranteed a bonus had she received the higher rating of "1." The record shows the comparator whom Cain identified received a "1" rating, but was not recommended for, and did not receive, a bonus. Further, Cain did not present any evidence that the "2" rating had an adverse impact on her ability to receive a promotion, raise, or any other type of employment benefit. Thus, without more, Cain failed to demonstrate how receiving a "2" rating led to a more tangible form of adverse action, or how a reasonable employee would consider receiving the second highest rating to be materially adverse. Thus, the district court did not err in concluding that Cain

4

failed to make a *prima facie* showing of retaliation as to her performance evaluation claim.

## II.  PERFORMANCE BONUS

To establish a causal connection between the protected activity and an adverse employment action, "a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse employment action were not wholly unrelated."  *Gupta*, 212 F.3d at 590 (quotations and brackets omitted).  "It is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression."  *Bass v. Bd. of County Comm'rs, Orange County, Fla.*, 256 F.3d 1095, 1119 (11th Cir. 2001).

"The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated."  *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quotations omitted).  In some cases, a "[c]lose temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated."  *Bass*, 256 F.3d at 1119.  "[A] plaintiff satisfies [the causality] element if [s]he provides sufficient evidence that

the decision-maker became aware of the protected conduct, and that there was close temporal proximity between this awareness and the adverse employment action." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (addressing retaliation in ADA context where complaint made seven weeks before termination).

Concerning Cain's claim that she did not receive a performance bonus for the 2001-2002 year in retaliation for her filing the 1995 EEO complaint, the district court did not err in concluding that Cain failed to satisfy the causal connection *prima facie* element. The record shows there was a six-year period between the protected activity, the filing of the EEO complaint in 1995, and the alleged adverse employment action of not receiving a performance bonus for the 2001-2002 performance year. Without more, a six-year period between the protected activity and the adverse employment action is far too tenuous to create a jury issue on causation, as a matter of law.

Additionally, there was no evidence that the decision maker was aware of the protected activity. Albert Fischer, Cain's supervisor who made the recommendations for performance bonuses, was not aware of Cain's 1995 EEO complaint until 2003, well after he had made the decision not to recommend her for a performance bonus for the 2001-2002 performance year. Moreover, although

6

Bob Stauner was the ultimate decision maker as to who, if anyone, should receive a performance bonus, and Stauner was involved with, and had knowledge of, Cain's prior EEO complaint, Cain offered no evidence, other than her own self-serving allegations, to disprove Fischer's testimony that: (a) he did not recommend Cain for a performance bonus; (b) Stauner never attempted to influence Fischer's decision as to whom Fischer recommended for performance bonuses; and (c) none of the evaluees whom Fischer recommended for a performance award were turned down by his superiors, nor was anyone given an award whom Fischer had not first recommended. Thus, the district court did not err in concluding that Cain failed to demonstrate a *prima facie* case of retaliation with respect to her performance award claim.

**AFFIRMED.**