[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11834
Non-Argument Calendar

_____

D. C. Docket No. 06-01383-CV-IPJ

GLENDA J. LAWRENCE,

Plaintiff-Appellant,

versus

G-UB-MK CONTRACTORS,
TENNESSEE VALLEY AUTHORITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 10, 2008)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Glenda J. Lawrence appeals the district court's order granting summary judgment in favor of defendant-appellee, the Tennessee Valley Authority ("TVA"), as to her claims alleging gender discrimination brought pursuant to Title VII of the Civil Rights of Act of 1964, 42 U.S.C. § 2000e-16(a). She also appeals the district court's denial of her motion for partial reconsideration.[1]  We AFFIRM.

## I. BACKGROUND

On 23 June 2006, Lawrence filed a civil action in Alabama state court against G-UB-MK Contractors ("G-UB-MK") and the TVA alleging gender discrimination in violation of Title VII.  In her complaint she alleged that, from 22 April 2002 to 28 May 2004, she had been employed by G-UB-MK and the TVA as a full-time truck driver.  As the basis for her employment discrimination claims, she alleged that she had been laid off, and ultimately fired, despite the fact that her work had been satisfactory, because the other drivers, who were male, did not want to work with a female truck driver.  She had also later learned that a male with less experience had been hired to fill her position.  Lawrence asserted that jurisdiction was proper against G-UB-MK because the EEOC had issued a Right to Sue Letter

---

[1]  Despite limited references to G-UB-MK in her brief, Lawrence did not name G-UB-MK as a party to this appeal or serve G-UB-MK with her appellate brief.  Thus, any claim of error she may have had with respect to G-UB-MK has been abandoned.  See Mathews v. Crosby, 480 F.3d 1265, 1268 n.3 (11th Cir. 2007).

on 30 March 2006 and she had filed her civil action within 90 days. As to the TVA, she asserted that she had had an appeal pending before the EEOC following a hearing by an administrative law judge ("ALJ"), but that the filing of the state action had terminated that appeal, thus satisfying jurisdictional prerequisites.

The TVA removed the action to federal court. In addition to a copy of Lawrence's state court action, attached to the TVA's notice of removal was a copy of an EEOC discrimination charge filed by Lawrence against G-UB-MK on 28 November 2005 and a Right to Sue Letter issued by the EEOC in connection with that charge on 30 March 2006. The Right to Sue Letter advised Lawrence that 180 days had passed since the filing of her charge against G-UB-MK, that the EEOC was terminating its processing, and that she had 90 days to bring a civil action in state or federal court.

After the case was removed to federal court, both the TVA and G-UB-MK filed answers denying the allegations of discrimination and raising several defenses. The TVA asserted, inter alia, that Lawrence's action was barred due to her failure to exhaust her administrative remedies. The TVA admitted that Lawrence had filed an administrative complaint with the TVA, that an ALJ had rendered a decision, that Lawrence had filed an appeal of that decision with the EEOC, and that she had informed the EEOC that her appeal should be terminated

3

due to the filing of the state action. The TVA, however, maintained that Lawrence nevertheless failed to meet the statutory prerequisites for filing the civil action under Title VII.

Following discovery, the TVA filed a motion for summary judgment, arguing both that Lawrence had failed to exhaust her administrative remedies, and that, in any event, it had a non-discriminatory reason for permanently terminating her employment.[2] In support of its motion, the TVA submitted several declarations, depositions, and administrative filings.

The administrative history of the case, as revealed in the filings submitted by the TVA, was as follows. Lawrence filed an EEOC complaint with the TVA detailing her grievance. Attached to this complaint was a statement of her rights and responsibilities, including her right bring a civil action in federal district court 180 days after filing an appeal to the EEOC if no decision had been issued by that point. This statement bore Lawrence's signature. There was also a report issued by an EEOC counselor after meeting with Lawrence. R.Folder-9, Doc. 12.

Ultimately, an ALJ held a hearing and issued a decision denying Lawrence's claim, finding that the TVA had articulated a legitimate non-discriminatory reason for not recalling Lawrence – that she was not a good performer – and that

---

[2]G-UB-MK also moved for summary judgment largely on the same grounds.

4

Lawrence had failed to demonstrate that this reason was pretextual. At the end of the ALJ's decision was a notice, providing, <u>inter alia</u>, that the agency was required to issue a final decision within 40 days, which would "contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit." <u>Id.</u>, Doc 13 at 7. Furthermore, the notice provided that the complainant could appeal 40 days following the ALJ's decision if the agency failed to issue a final order, or within 30 days after receipt of the agency's final order. The ALJ's decision was dated 20 January 2006.

Lawrence filed a notice of appeal with the EEOC on 7 March 2006, stating that 40 days had passed since the ALJ's decision and that the agency had not issued at a final order. On 30 March 2006, Lawrence received the Right to Sue Letter with respect to G-UB-MK, advising her of her right to file a civil action against G-UB-MK. On 23 June 2006, Lawrence filed the present action in state court and informed the EEOC that because of her civil action, her appeal pending with respect to the TVA should be terminated pursuant to 29 C.F.R. § 1614.409. On 23 July 2006, the EEOC issued a decision dismissing her appeal accordingly.

Based on this administrative history, the TVA argued that Lawrence's case should be dismissed for failure to exhaust administrative remedies. Specifically,

the TVA argued that Lawrence had failed to exhaust her administrative remedies by prematurely filing suit, thereby preventing the EEOC from resolving her administrative complaint. Although Lawrence opposed the motion for summary judgment, her only response to this administrative argument was that there was no evidence that she exercised bad faith during the administrative process by failing to provide requested information. Further, although Lawrence filed several depositions, affidavits, and sworn statements in support of her opposition, none of her evidence contradicted the TVA's submissions concerning the procedural history of her case.

The district court granted summary judgment in favor of both G-UB-MK and the TVA. First, with respect to G-UB-MK, the court noted that Lawrence had "abandoned her claims." R1-25 at 7. Second, with respect to the TVA, the court found that, pursuant to 29 C.F.R. § 1614.407, after the ALJ's adverse decision, Lawrence had had the option of either filing an appeal to the EEOC or filing suit in federal district court. Having opted to file an appeal with the EEOC, Lawrence had been obligated to allow the EEOC 180 days to investigate her claim, but had waited only 108 days before filing her civil action. The district court relied on our decision in Brown v. Snow, 440 F.3d 1259 (11th Cir. 2006), for the proposition that prematurely filing an action may amount to a failure to exhaust administrative

6

remedies where the complainant does not cooperate in good faith with the EEOC. Finally, the court found no evidence that Lawrence had made a good faith effort to comply with the regulations and provide all relevant information to the agency, and that she failed adequately to address the issue of exhaustion in her brief in opposition to the defendants' motions for summary judgment.

Fewer than ten days after the district court entered its summary judgment order, Lawrence filed a motion for partial reconsideration. The motion sought reconsideration of the district court's order as to the TVA only. It made no reference to G-UB-MK. Lawrence argued that the notice contained in the ALJ's order and the agency's failure to file a final order deprived her of proper notice regarding her choice of either filing an appeal with the EEOC or a civil action in federal court. The district court denied the motion, observing that none of Lawrence's arguments addressed the issue of whether, once opting to appeal to the EEOC, she was obligated to exhaust her appeal.

Lawrence timely and properly filed this appeal. She now argues that the district court erred because she had cooperated in good faith with the administrative process, despite her premature filing of the civil action. Lawrence also asserts that she received inadequate notice with respect to her filing options and the applicable exhaustion requirements.

## II. DISCUSSION

"We review a district court's grant of summary judgment <u>de novo</u>, using the same legal standard employed by the district court." <u>Crawford v. Babbitt</u>, 186 F.3d 1322, 1325 (11th Cir. 1999). "Summary judgment is appropriate if the record shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." <u>Id.</u> at 1325 (quotations omitted). "The decision to alter or amend a judgment is committed to the sound discretion of the district court. Therefore, [we] review[] the denial of a Rule 59 motion for an abuse of discretion." <u>Drago v. Jenne</u>, 453 F.3d 1301, 1305 (11th Cir. 2006) (citations omitted).

Under Title VII, "[a]ll personnel actions affecting [federal] employees [must] be made free from any discrimination based on race, color, religion, sex, or national origin."[3] 42 U.S.C. § 2000e-16(a). "Both federal statutes and EEOC regulations require a federal employee to exhaust an administrative process before filing a civil complaint of discrimination in the workplace." <u>Brown v. Snow</u>, 440 F.3d 1259, 1262 (11th Cir. 2006). "If the employee appeals to the EEOC and the EEOC does not issue a decision within 180 days, the employee may file a complaint in the district court." <u>Id.</u> at 1263 (<u>citing</u> 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(d)).

---

[3] The TVA concedes, and Lawrence does not dispute, that Lawrence is a federal employee.

8

In Brown, we were faced with a federal employee who filed a civil action before 180 days had passed from the date he filed his EEOC appeal. Brown, 440 F.3d at 1262-64. In that case, although the employee filed his civil action 35 days prematurely, we found that he had nonetheless met the good faith requirement as to exhaustion because he had not asked the EEOC to terminate his appeal and it was therefore allowed the full 180 days to investigate and resolve his complaint. Id. at 1264. We reasoned that the purpose of the exhaustion requirement is to give the agency "every opportunity to investigate and resolve the dispute." Id. at 1263.

Here, under the reasoning in Brown, because Lawrence terminated her appeal from the EEOC after only 108 days, she cannot be said to have cooperated in good faith. Therefore, we agree with the district court that she failed to exhaust her administrative remedies.

We next address Lawrence's argument that she received inadequate notice. We have said that if an employee "'is hampered by the action of the agency . . ., he or she should not be deemed thereby to have failed to comply with exhaustion requirements.'" Brown, 440 F.3d at 1264 (quoting Wade v. Sec'y of the Army, 796 F.2d 1369, 1377 (11th Cir. 1986)). However, there is no evidence in the record that the TVA misled or otherwise hampered Lawrence in bringing her complaint. Further, the 180-day requirement appeared in the statement of rights

and responsibilities Lawrence signed when making her administrative complaint against the TVA. The requirement also appeared in the Right to Sue Letter she received with respect to G-UB-MK. Lawrence has failed to cite to any binding authority requiring an agency affirmatively to ensure that she understood her appellate options and the applicable exhaustion requirements, both of which are set out in our case law and the governing statute and regulation. See Brown, 440 F.3d at 1262-64; 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. Accordingly, we conclude that the district court did not err in granting summary judgment or abuse its discretion in denying Lawrence's motion for partial reconsideration.

## III. CONCLUSION

Lawrence appeals the summary judgment granted in favor of the TVA as to her gender discrimination claims as well as the district court's denial of her motion for partial reconsideration. Because we conclude that the district court did not err in granting summary judgment or abuse its discretion in refusing to grant her motion for reconsideration, we **AFFIRM**.