[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14015
Non-Argument Calendar`

_____

D.C. Docket No. 04-03110-CV-ODE-1

RON B. LIGHTSEY,

Plaintiff–Appellant,

versus

JOHN E. POTTER,
Postmaster,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 10, 2008)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Ron Lightsey, proceeding <u>pro se</u>, appeals from a summary judgment entered

in favor of the United States Postal Service ("USPS") as to his complaint alleging sex discrimination, filed pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").  In his complaint, Lightsey, a part-time flexible ("PTF") mail-processing clerk with the USPS, stated that four female PTF employees less senior than him were promoted to "regular" status mail processors at a time when PTF employees were not supposed to be promoted and when he was not permitted to be promoted.

On appeal, Lightsey argues that the district court erred in granting the USPS's motion for summary judgment with regard to the claims concerning Rosa Caldwell, Constance Salters, and Jacqueline Hodges.  He further argues that the district court erred in finding that he did not exhaust his administrative remedies concerning Niki Hand's promotion because the record showed that he had complained about Hand to an investigator with the USPS Equal Employment Opportunity office, as well as to an Equal Employment Opportunity Commission ("EEOC") judge in a previous complaint.  Finally, Lightsey contends that the district court erred in considering a declaration attached to the USPS's reply brief.

We review a grant of summary judgment de novo.  Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161–62 (11th Cir. 2006).  We consider all of the evidence, and make all reasonable inferences, "in the light most

2

favorable to the nonmoving party." Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001).

## I.

Where, as here, there is no direct evidence of discrimination, the plaintiff may still prevail by presenting circumstantial evidence of discrimination that satisfies the burden-shifting framework established in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802–04 (1973). See Morrison v. Booth, 763 F.2d 1366, 1371 (11th Cir. 1985). Under this framework, "[t]he plaintiff first has the burden of proving a prima facie case of discrimination by a preponderance of the evidence. The burden then shifts to the defendant to 'articulate some legitimate nondiscriminatory reason' for the alleged discrimination. If the defendant produces such a reason, the plaintiff must then prove that the legitimate reason offered was a mere pretext for an illegal motive." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 597 (11th Cir. 1994) (citation omitted). However, conclusory allegations of discrimination, without more, are insufficient to raise an inference of

pretext or intentional discrimination where a defendant has offered extensive evidence of legitimate, non-discriminatory reasons for its actions. Young v. General Foods Corp., 840 F.2d 825, 830 (11th Cir. 1988). Moreover, a plaintiff must meet the legitimate, non-discriminatory reason proffered "head on and rebut it, and . . . cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

Upon review of the record and consideration of the briefs of the parties, we find no reversible error in the district court's grant of summary judgment as to the claims concerning Caldwell and Salters because the evidence in the record establishes that neither employee was promoted to regular status. Lightsey's conclusory and hearsay allegations to the contrary are unavailing. The district court also properly granted summary judgment regarding Hodges because the USPS proffered a legitimate, non-discriminatory reason for promoting Hodges—she was more senior in her respective craft than Lightsey was in his, and the USPS promotes employees to regular status based solely on seniority—and Lightsey failed to rebut this proffered reason.

## II.

"A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." Crawford v. Babbitt, 186

F.3d 1322, 1326 (11th Cir. 1999). Accordingly, federal employees "who believe that they have been discriminated against on the basis of . . . sex . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Subsequently filed judicial complaints are limited by the scope of the administrative investigation that can "reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000) (internal quotation marks omitted). Because we are reluctant to allow procedural technicalities to bar Title VII claims, we have held that plaintiffs may raise claims which "amplify, clarify, or more clearly focus" allegations made in an administrative complaint, but they may not raise allegations of new acts of discrimination. Gregory, 355 F.3d at 1279–1289. The district court did not err when it granted summary judgment on Lightsey's claim regarding Hand because Lightsey did not raise a claim regarding Hand in his complaint with the EEOC, and his claim regarding Hand does not amplify, clarify, or more clearly focus the allegations concerning Hodges, Salters, and Caldwell.

**III.**

The district court did not err in considering the declaration attached to the

5

USPS's reply brief. The USPS submitted the declaration in response to Lightsey's challenge to the authenticity of certain evidence attached to the USPS's motion for summary judgment. The district court relied in part on the new submission in adopting the magistrate's recommendation, and Lightsey objected, but he did not request leave to file a surreply or a supplemental appendix in response to the new declaration. Even now, he has not identified any response he might make to the declaration that the district court did not address. See Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1568 (11th Cir. 1987) ("We need not decide whether new evidence appended to a movant's reply brief might necessitate granting the nonmovant leave to file a surrebuttal brief or supplemental affidavits because, even if appellee's reply brief and affidavit did present new evidence, Clinkscales has failed to demonstrate any adequate excuse for delaying six months after Chevron's reply brief was filed to seek leave to file the surrebuttal brief and the supplemental affidavit."). We therefore find no error.

**AFFIRMED.**

6