[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14722
Non-Argument Calendar
_____

D. C. Docket No. 06-20266-CV-KMM

WANDA THOMAS,

Plaintiff-Appellant,

versus

MIAMI VETERANS MEDICAL CENTER,
ALL DEFENDANTS, et al.,

Defendants,

SECRETARY R. JAMES NICHOLSON,
Department of Veterans Affairs,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2008)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

## I.

Wanda Thomas, an African-American woman, appeals *pro se* the district court's grant of summary judgment to the defendant, Secretary of the Department of Veterans Affairs ("the VA"), in her employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16. On appeal, Thomas argues that evidence of a single racial comment by her supervisor and her subsequent firing after filing a complaint with the Equal Employment Opportunity Commission ("EEOC") was sufficient to support her hostile work environment, disparate treatment, and retaliation claims.[1]

## II.

We review a district court's grant of summary judgment *de novo* and apply the same standards as the district court applied. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a

---

[1]Thomas also argues on appeal that she has a valid Fourteenth Amendment equal protection and due process claim along with a valid 42 U.S.C. § 1981 claim. Thomas failed to raise these claims until she opposed the VA's motion for summary judgment. Accordingly, she has waived these issues on appeal. *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004) (a party cannot amend her complaint to add a new claim through argument in a brief opposing summary judgment).

judgment as a matter of law.'" *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004) (quoting Fed. R. Civ. P. 56(c)). "To survive a motion for summary judgment, the nonmoving party must demonstrate that there is a 'genuine issue for trial.'" *Cotton v. Cracker Barrel Old Country Store*, *Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006) (citation omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A. *Hostile-Work-Environment*

Title VII prohibits discrimination in employment based upon race or color. 42 U.S.C. 2000e-16(a). "A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999).

Federal sector employees who believe that they have been subject to discrimination must initiate contact with an EEOC counselor within 45 days of the effective date of a personnel action. *See* 29 C.F.R. § 1614.105(a)(1). An agency, however, "shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that . . . he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred." *Id.*

3

§ 1614.105(a)(2). An agency shall dismiss a complaint that fails to comply with the time limits in § 1614.105. *Id.* § 1614.107(a)(2). A federal employee's failure to follow these administrative procedures is grounds for dismissal. *See Crawford*, 186 F.3d at 1326-27.

The record here demonstrates that the 45-day period for contacting an EEOC counselor based on the supervisor's racial comment began in August or September of 2004. The latest date by which Thomas was required to initiate contact with an EEOC counselor was November 14, 2004, making Thomas's contact with an EEOC counselor on January 20, 2005, untimely. Therefore, we conclude that the VA was entitled to summary judgment on Thomas's hostile work environment claim.

B. *Disparate Treatment*

Under Title VII, it is unlawful for a private employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race." 42 U.S.C. § 2000e-2(a)(1). As noted above, Title VII contains a separate provision that applies to federal agencies. *See id.* § 2000e-16(a) ("All personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race [or] color."). For the purpose of

deciding this appeal, we conclude that, despite the differences in language, Title VII places the same restrictions on federal agencies as it does on private employers.  *See Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007).

In evaluating a Title VII disparate treatment claim supported by circumstantial evidence, we use the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) analysis.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d at 1087.  "Under this framework, the plaintiff first has the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally."  *Id.* at 1087.  A *prima facie* case of disparate treatment is established when the plaintiff demonstrates that she was "a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class."  *Id.*  "The methods of presenting a prima facie case are not fixed; they are flexible and depend to a large degree upon the employment situation."  *Id.*

In cases involving alleged racial bias in the application of discipline for violation of work rules, the plaintiff must demonstrate "(a) that [s]he did not violate the work rule, or (b) that [s]he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against [her] were more severe than those enforced against the other persons who

5

engaged in similar misconduct." *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989). A plaintiff is similarly situated to another employee only if "the quantity and quality of the comparator's misconduct [are] nearly identical." *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (citing *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate *where no other evidence of discrimination is present*." *Wilson*, 376 F.3d at 1092 (citations and quotation marks omitted) (emphasis added).

The record demonstrates that Thomas failed to identify or present any evidence of a similarly situated employee who was not a member of a protected class, but who received less severe disciplinary sanctions. Therefore, we conclude that she failed to establish a *prima facie* case for disparate treatment.

C. *Retaliation*

To establish a *prima facie* case of retaliation forbidden by Title VII, the plaintiff must normally show that: "(1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (setting forth *prima facie* elements); *Burlington N. & Santa Fe Ry. Co.*

6

*v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (The Supreme Court has held that in order to sustain a Title VII retaliation claim, an employee must show that "a reasonable employee would have found the challenged action materially adverse.").

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Gupta*, 212 F.3d at 590 (internal citation &alteration omitted). "Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent. When evaluating a charge of employment discrimination, then, we must focus on the actual knowledge and actions of the decision-maker." *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1274 (11th Cir. 2002) (internal citations omitted). Once a *prima facie* case is established, the burden shifts to the employer to rebut the presumption of retaliation by producing legitimate reasons for the adverse action. *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999). If the employer offers legitimate reasons, "the presumption of retaliation disappears." *Id.* "The plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct." *Id.*

Even assuming *arguendo* that Thomas established a *prima facie* case, the

7

VA stated that it fired her for failure to follow supervisory instructions, wilful resistance to the instructions, and disrespectful conduct. These reasons were legitimate and non-discriminatory. Thomas did file a complaint with the EEOC alleging race discrimination, and while an EEOC complaint constitutes protected activity under Title VII, the record indicates no evidence, as opposed to conclusory allegations, that the VA fired her for any reasons other than legitimate, non-discriminatory reasons. Thus, Thomas failed to show that the VA's proffered reasons for taking the adverse action were actually pretexts for the prohibited retaliatory conduct. Accordingly, we conclude that the district court did not err in granting the VA's summary judgment motion.

**AFFIRMED.**