[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12205
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cv-01039-HNJ

JOHN SWAUGER,

Plaintiff-Appellant,

versus

DEPARTMENT OF DEFENSE - DEFENSE INTELLIGENCE AGENCY,
Robert P. Ashley, Jr. - Director,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 19, 2021)

Before WILSON, ROSENBAUM, and BRASHER, Circuit Judges:

PER CURIAM:

John Swauger, a former federal employee, appeals the district court's order

granting the Defense Intelligence Agency's motion to dismiss his complaint for lack

of subject-matter jurisdiction. The court held that Swauger failed to exhaust his administrative remedies, and it dismissed his case with prejudice. The point of contention on appeal is whether the DIA's final agency action was delivered to Swauger's counsel. If Swauger's counsel timely received or is presumed to have received the final agency action, then Swauger's complaint in federal district court was untimely and the court was without jurisdiction. Upon consideration, we affirm the dismissal of the complaint for lack of subject-matter jurisdiction but remand for the court to reenter its judgment to be without prejudice.

## I.

After the DIA terminated Swauger's employment, he filed an Equal Employment Opportunity complaint with the DIA, alleging violations of the Rehabilitation Act. These alleged violations included claims of disability discrimination, hostile work environment, and unlawful retaliation. The DIA investigated Swauger's complaint and provided Swauger with a copy of its report. Swauger requested a hearing before an Equal Employment Opportunity Commission administrative law judge. The DIA then filed a motion for summary judgment, which the administrative law judge granted. The DIA adopted the administrative law judge's decision as its final agency action on January 27, 2017. A little more than eight months later, on October 4, 2017, Swauger appealed the DIA's decision to the EEOC. The EEOC dismissed the appeal as untimely. Swauger filed a complaint with

2

the district court on July 3, 2019, 61 days after the EEOC's dismissal. In response, the DIA moved to dismiss Swauger's complaint under Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies.

To support its motion to dismiss for lack of subject-matter jurisdiction, the DIA attached four documents, including: a screenshot of the Federal Sector EEO Portal address, listing Swauger's counsel's zip code as 35216; a response submitted to the EEOC, listing Swauger's counsel's zip code as 35209; a statement from Swauger to the EEOC, listing Swauger's counsel's zip code as 35216 on the letterhead but 35209 at the end of the document; and some certificates of service and postal receipts.

The certificates of service and postal receipts show that the DIA mailed the final agency action to both Swauger and his counsel on January 27, 2017, with sufficient postage and the proper addresses, which for Swauger was the 35216 zip code. The documents also show that USPS delivered the final agency action to Swauger and attempted to deliver it to his counsel at the 35209 zip code on February 6, 2017. The USPS left Swauger's counsel notice of the attempted delivery at the 35209 zip code.

The district court held that Swauger had not rebutted the presumption that his counsel had received a copy of the final agency action and that the action had been properly addressed, stamped, and placed in the mail. The court noted that Swauger's

3

counsel used both the 35209 and 35216 zip codes interchangeably with an otherwise identical address and that the two zip codes are located next to each other. The address exists only in the 35216 zip code; no such address exists in the 35209 zip code. The court concluded that Swauger's time to file a complaint or appeal to the EEOC began running on February 9, 2017, three days after the USPS provided notice of its attempted delivery. Accordingly, Swauger's appeal to the EEOC was untimely, and equitable tolling was unavailable against a jurisdictional bar. Even if equitable tolling were available, the court noted that it would decline to toll the time period because Swauger was not diligent. The court consequently granted the DIA's motion to dismiss and dismissed Swauger's complaint with prejudice. Swauger appealed to this Court.

## II.

Swauger argues that the time to file his complaint under the Rehabilitation Act never began to run because his counsel never received the final agency action from the EEOC. Swauger also argues, for the first time on appeal, that the court should not presume that his counsel received the final agency action because the DIA did not use his counsel's proper address. He asserts that the different zip codes on the DIA's certificate of service and the USPS's notice of attempted delivery show that the final agency action was not properly addressed to his counsel. Finally,

4

Swauger argues that the court erred in failing to apply equitable tolling. Each argument fails.

We review *de novo* a district court's order granting a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007). Arguments raised for the first time on appeal that were not presented in the district court are deemed waived. *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994). When evaluating a motion to dismiss, a court may consider outside documents without converting the motion into a motion for summary judgment if (1) the document is central to the plaintiff's claim, and (2) its authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005).

"The Rehabilitation Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (cleaned up) (quoting *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000)). "The remedies, procedures, and rights of Title VII are available to plaintiffs filing complaints under the Rehabilitation Act." *Id.* And under the Rehabilitation Act, employees must either file a complaint within 90 days of receiving the final agency action or appeal to the EEOC's Office of Federal Operation within 30 days of receiving the final agency

action. 42 U.S.C. § 2000e-16(c) (time for filing in district court); 29 C.F.R. 1614.402 (time for filing appeal with EEOC).

The final agency action in this case was sent by mail. A rebuttable presumption that a document sent by mail was received exists if the document was (1) properly addressed, (2) stamped, and (3) mailed. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1240 (11th Cir. 2002). Upon receiving notice of an attempted delivery, a party has three days to retrieve unsuccessfully delivered mail. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1341–42 (11th Cir. 1999). To overcome a presumption of receipt, an intended recipient must show that the failure to receive the mail was in no way his fault and that the recipient inquired about late or missing mail. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952–53 & n.8 (11th Cir. 2005).

When a complaint under Title VII is time-barred for failure to exhaust administrative remedies, it must be dismissed for lack of subject-matter jurisdiction. *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999); FED. R. CIV. P. 12(h)(3). A dismissal for lack of subject-matter jurisdiction is without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Equitable tolling is not available for a jurisdictional time bar. *See F.E.B. Corp. v. United States*, 818 F.3d 681, 685 & n.3 (11th Cir. 2016) (citing *United States v. Kwai Fun Wong*, 575 U.S. 402, 407–10, 415–16 (2015)).

Here, Swauger's first two arguments depend on his counsel not having received the final agency action. Because the DIA created a rebuttable presumption that his counsel received the mailing, both arguments fail. Swauger's second argument—that no presumption of receipt exists because the DIA used the incorrect address—also fails because it was waived. But in any event, Swauger's counsel contributed to any error in delivery by using the two zip codes interchangeably during the administrative proceedings.

The documents submitted with the motion to dismiss show that the final agency action was properly addressed, stamped, and mailed. So, Swauger's counsel can be presumed to have received the final agency action on February 9, 2019. These documents may be properly considered at this stage because they are central to the issue here and their authenticity is not challenged. The fact that the USPS's tracking website shows that delivery was attempted in an adjacent zip code does not factor into our analysis. Accordingly, Swauger has not overcome the presumption that his counsel received a copy of the final agency action.

Because Swauger's counsel is presumed to have received the final agency action on February 9, 2017, three days after the USPS left notice of attempted delivery, he had 30 days to appeal to the EEOC or 90 days to file his complaint in the district court. His October 4, 2017 appeal to the EEOC was almost five months

too late. And because timeliness is a jurisdictional bar here, equitable tolling was not available to Swauger.

Accordingly, we **AFFIRM** the dismissal of Swauger's complaint for lack of subject matter jurisdiction but **REMAND** for the court to reenter its judgment without prejudice.