**Carl E. WILLIAMS, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary Department of Corrections, State of Florida, Respondent.**

No. 81–5772.

United States Court of Appeals, Eleventh Circuit.

July 29, 1982.

Howard W. Skinner, Asst. Federal Public Defender, Jacksonville, Fla., for petitioner.

Wallace E. Allbritton, Asst. Atty. Gen., State of Fla., Tallahassee, Fla., for respondent.

Before HILL, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Appellant presents two claims in this appeal from the denial of his writ of habeas corpus. We find both to be without merit and affirm the district court's order.

■ Appellant first contends that the district court erred when, after reviewing the magistrate's report and recommendation, it *sua sponte* conducted a *de novo* hearing. As this court has recently noted, "in determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." *Nettles v. Wainwright*, 677 F.2d 404 at 408 (5th Cir. 1982) (en banc). A district judge, without the discretion to order a *de novo* hearing on important issues of fact, may not be able to conduct a "careful and complete review." Too, the power of a district judge to conduct such a hearing, even though no objections to the magistrate's report and recommendations were filed, was implicitly recognized by this court when we observed that,

> In order to adequately determine the credibility of a witness as to such constitutional issues, the fact finder must observe the witness. This may be accomplished either by the district judge accepting the determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses.

*Louis v. Blackburn*, 630 F.2d 1105 (5th Cir. 1980). We now expressly hold that a district court may, on its own motion, conduct a *de novo* hearing in order to aid its review of a magistrate's report in an application for post trial relief.

■ Appellant also contends that his retained counsel failed to provide adequate assistance. Trial counsel's conduct of the case, having been unsuccessful, is criticized. A fair reading of the record, however, shows that the attorney's acts were the results of strategic decisions designed to

demonstrate his client's honesty and candor, as opposed to unwarranted police harassment and vindictiveness. We thus reject appellant's claim of ineffective assistance.

AFFIRMED.