[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15853
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-22752-JLK

OSCAR RUEDA-ROJAS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
POSTMASTER GENERAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Oscar Rueda-Rojas ("Rojas"), proceeding *pro se*, appeals from the district

court's dismissal of his complaint against the Unites States Postal Service ("USPS") alleging employment retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16. For the reasons set forth below, we affirm.

## I.

In May 2005, Rojas applied for a temporary position with USPS as a mail carrier.[1] USPS initially accepted him for employment but declined to hire him after discovering that he was diagnosed with a medical condition while serving in the military. Rojas filed a complaint with USPS's internal Equal Employment Opportunity ("EEO") department and, in July 2005, entered into a settlement agreement with USPS. However, his concerns were left unaddressed, and he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). In August 2006, he entered into a second settlement agreement with USPS, according to which USPS would consider him for employment and would not retaliate against him for his complaint, and, in return, Rojas would withdraw all of his

---

[1] The facts in this case come from Rojas's complaint and various documentary exhibits submitted by the parties. Generally, if a district court considers materials outside the complaint, it must convert a motion to dismiss into a motion for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, in ruling on a motion to dismiss, a court may consider evidence outside the pleadings to determine whether a plaintiff has exhausted his administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1374-77 (11th Cir. 2008) (discussing the district court's authority to consider extraneous facts relating to exhaustion in the context of 42 U.S.C. § 1997e(a)).

2

claims against USPS.

In September 2006, USPS hired Rojas as a temporary mail carrier, but terminated him in December 2006. Shortly thereafter, he was reinstated and transferred to another work site, but was terminated again on January 18, 2007. Approximately 11 months later, in mid-December 2007, Rojas complained to USPS, alleging a breach of the 2006 settlement agreement. In April 2008, USPS issued a final decision, finding that no breach of the agreement had occurred. It explained that Rojas signed the settlement agreement without coercion, that USPS had offered him a temporary employment position, pursuant to the agreement, and that he accepted the position but was terminated due to unsatisfactory job performance.

Rojas appealed to the EEOC, arguing, in relevant part, that his terminations were retaliatory, in violation of Title VII and the 2006 settlement agreement. The EEOC affirmed USPS's final decision, finding that USPS complied with the settlement agreement. Regarding Rojas's allegation that his terminations were retaliatory, the EEOC stated that this allegation should be processed as a separate complaint and, if Rojas wished to pursue the matter, he should contact an EEO counselor.

Ultimately, Rojas filed an amended complaint in the district court, alleging

3

retaliation under Title VII.[2] Specifically, he alleged that his 2006 settlement agreement with USPS, which required him to withdraw his pending complaints of discrimination as a condition of employment, constituted unlawful retaliation. He also alleged that USPS terminated him in retaliation for his protected activity. USPS filed a motion to dismiss the complaint, arguing, among other things, that Rojas failed to exhaust his administrative remedies by not seeking EEO counseling within 45 days of his termination.

Several weeks later, the district court summarily dismissed Rojas's complaint, noting that he had not responded to USPS's motion. Rojas then filed a motion for reconsideration and for an extension of time to file a response to the dismissal motion. After a hearing on the matter, the district court issued an oral decision, finding that Rojas failed to exhaust his administrative remedies and dismissing his complaint with prejudice. Rojas now appeals.[3]

---

[2] Rojas filed his original complaint in the Court of Federal Claims, which transferred the case to the district court for lack of jurisdiction.

[3] Besides claiming that he has exhausted his administrative remedies, Rojas raises a number of other arguments on appeal. Specifically, he contends that the district court's first order of dismissal was ambiguous, that he was not to blame for failing to respond to USPS's motion to dismiss, that his response would have been redundant, and that the court failed to adequately examine the record before dismissing his complaint. He also argues, essentially, that USPS breached the 2006 settlement agreement and that this breach-of-contract claim stands separately from his retaliation claim. Finally, he contends that the settlement agreement itself constituted retaliation and that he has established a *prima facie* case of retaliation with regard to his discharge. After carefully reviewing the record and the parties' briefs, we find these arguments to be moot, waived, or entirely meritless, warranting no further discussion.

II.

We review *de novo* a district court's dismissal of a lawsuit for failure to exhaust administrative remedies. *See Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (discussing the standard of review in the context of 42 U.S.C. § 1997e(a)). To exhaust his remedies, a federal employee must first seek relief with the federal agency that allegedly discriminated against him (in this case, USPS). *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006) (citing 29 C.F.R. § 1614.106(a)). The purpose of this requirement "is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Id.* at 1263 (quotation omitted). To determine whether an employee has exhausted his administrative remedies, we consider whether he has "made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him." *Id.* (quotation omitted).

The regulations require federal employees "to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (citing 29 C.F.R. § 1614.105(a)(1)). The agency or the EEOC "shall extend the 45–day time limit . . . when the individual shows that

5

he or she was not notified of the time limits and was not otherwise aware of them . . . , or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver*, 549 F.3d at 1344.

According to his complaint, Rojas was terminated in December 2006, reinstated, and then terminated again on January 18, 2007. Rojas does not allege and points to no evidence that he initiated administrative review of his termination within 45 days. Even if the 45-day limit could be excused, Rojas's earliest post-termination complaint to USPS occurred in mid-December 2007, nearly 11 months after he was discharged for the second time. Even then, Rojas did not directly allege that he was terminated for retaliatory reasons, and no evidence exists that he ever contacted an EEO counselor at USPS regarding this claim. In this light, Rojas did not make a good-faith effort to comply with the pertinent regulations and timely seek administrative remedies. *See Shiver*, 549 F.3d at 1344; *Brown*, 440 F.3d at 1262-63. Although Rojas may have been discouraged from seeking such remedies, this did not excuse him from doing so. *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) ("The claimant's subjective belief that resort to the administrative process would have been ineffectual does not excuse his failure

6

even to attempt that remedy.").  Accordingly, we affirm the district court's dismissal of his complaint.

**AFFIRMED.**