Adrienne **BLOODWORTH**, Plaintiff,

v.

Carolyn W. **COLVIN**, Acting Commissioner of Social Security, Defendant.

Civil Action No. 1:12–cv–1851–TCB.

United States District Court, N.D. Georgia, Atlanta Division.

Signed Jan. 15, 2014.

Adrienne Bloodworth, East Point, GA, pro se.

David Alan O'Neal, U.S. Attorney's Office, Melaine A. Williams, Office of United States Attorney, Atlanta, GA, for Defendant.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This Title VII case is before the Court on the magistrate judge's report and recommendation on Acting Commissioner Carolyn Colvin's partial motion to dismiss for failure to exhaust administrative remedies [20] and the Commissioner's objections to the R & R.

## I. Background

Adrienne Bloodworth works for the Social Security Administration. She alleges that in 2008 she reported to her supervisor that a coworker had exposed himself to her. Since then, she claims that she has been "severely harassed, retaliated against, sent to a hostile office," and "[h]eld back from promotion, training and awards." She also alleges that as a result of reporting this incident, she was suspended twice in 2010 and 2012.

The Commissioner moved to dismiss all but one of Bloodworth's claims for failure to exhaust administrative remedies. Bloodworth did not respond. According to Local Rule 7.1B, her failure to respond indicated that she had no opposition to the motion. Even so, the magistrate judge concluded that the Commissioner had not "affirmatively demonstrated that [Bloodworth] failed to exhaust her administrative remedies" for two claims: (1) the alleged discriminatory withholding of awards in May 2012, and (2) the alleged sexual harassment in 2008. For this reason, the magistrate judge recommends denying the motion as to these claims but granting it otherwise.

Bloodworth did not object to the R & R—despite requesting and receiving an extension of time to do so. The Commissioner did object. She argues that the magistrate judge erred by not recommending that her motion be granted in full.

## II. Standard of Review

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R & R. *Williams v. Wainwright,* 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (en banc))

(internal quotation mark omitted).[1] This review may take different forms, however, depending on whether there are objections to the R & R. The district judge must "make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 784 (11th Cir. 2006).[2]

■ "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n. 8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

■ The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir.2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir.2000)).

After conducting a complete and careful review of the R & R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

## III. Discussion

■ Title VII mandates that all personnel actions affecting employees of the Social Security Administration be made free of unlawful discrimination. 42 U.S.C. § 2000e–16(a). Congress placed the primary responsibility of keeping federal agencies free from employment discrimination on the agencies themselves. *Grier v. Sec'y of Army*, 799 F.2d 721, 724 (11th Cir.1986). Thus, before a federal employee like Bloodworth can seek judicial relief, she must exhaust the relief process of the agency where the discrimination allegedly occurred. *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012).

---

1. The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). Additionally, all decisions issued after that date "by a non-unit panel of the Former Fifth, the full en banc court of the Former Fifth, or Unit B panel of the Former Fifth Circuit" are binding precedent absent a contrary en banc Eleventh Circuit decision. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009) (discussing the continuing validity of *Nettles* ).

2. *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1373–74 (N.D.Ga.2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir.1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

To help an aggrieved employee navigate this process, the Equal Employment Opportunity Commission has charted the steps and established deadlines for presenting a discrimination claim to a federal agency. These include: contacting an EEO counselor within forty-five days of the alleged discriminatory act; allowing the counselor thirty days to attempt to resolve the issue informally; filing a formal complaint with the agency within fifteen days of receiving notice of the right to do so; and waiting at least 180 days before filing a complaint in federal court. *See id.* at 1243–44 (citing the pertinent EEOC regulations).

The purpose of the EEOC regulations is to ensure that the agency knows about the issue, receives the information it needs to investigate, and has a chance to resolve the issue internally. *See Wade v. Sec'y of the Army,* 796 F.2d 1369, 1377 (11th Cir. 1986); *Griffin v. Carlin,* 755 F.2d 1516, 1531 (11th Cir.1985). But because employees have a right to not be discriminated against, if the agency's investigation takes too long or its final decision does not satisfy the aggrieved employee, relief or review can be sought in federal court. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407(a)-(b).

## A. Deciding a Motion to Dismiss for Failure to Exhaust

The Commissioner moved to dismiss all but one of Bloodworth's discrimination claims for failure to exhaust administrative remedies. To determine the process for deciding such a motion as well as which party bears the burden of proof, the magistrate judge principally relied on the unpublished decision of *Basel v. Secretary of Defense,* 507 Fed.Appx. 873 (11th Cir. 2013). But *Basel* led the magistrate judge astray.

 Like this case, *Basel* involved a discrimination claim. Yet its two-step process for deciding a motion to dismiss for failure to exhaust was based on *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008), a case involving claims governed by the Prison Litigation Reform Act of 1995. This is problematic. In PLRA cases administrative exhaustion is not a jurisdictional prerequisite but rather an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 212, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). But in the Eleventh Circuit, administrative exhaustion *is* a jurisdictional prerequisite to Title VII actions. *Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir.1999).[3] Ac-

---

**3.** *Crawford* remains good law. It has not been overruled by the Supreme Court or Eleventh Circuit sitting en banc, nor has it been abrogated by subsequent Supreme Court decisions. *See United States v. Vega–Castillo,* 540 F.3d 1235, 1237 & n. 4 (11th Cir.2008) (explaining the narrowness of the prior-panel-precedent rule).

Admittedly, the Supreme Court has recently striven to " 'bring some discipline' to the use of the term 'jurisdictional' ... [and] pressed a stricter distinction between truly jurisdictional rules, which govern 'a court's adjudicatory authority,' and nonjurisdictional 'claim-processing rules,' which do not." *Gonzalez v. Thaler,* — U.S. —, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012) (internal citations omitted). *Jones* is just one example. The Court

held that administrative exhaustion is not a jurisdictional prerequisite—even though the PLRA makes administrative exhaustion mandatory. *See* 549 U.S. at 211–17, 127 S.Ct. 910.

But whether administrative exhaustion *should* be a jurisdictional prerequisite to Title VII actions filed in this circuit is not for this Court to say; the Court's duty is to follow circuit precedent. *Cf. Morrison v. Amway Corp.,* 323 F.3d 920, 929 (11th Cir.2003) ("As a panel of this Court ourselves, it is not for us to decide whether [*Crawford* ] *should* be the law in this Circuit. That question can only be answered by the Supreme Court or this Court sitting en banc. Rather, we conclude [*Crawford* ] *is* the law in this Circuit and must be respected.").

cordingly, *Turner's* two-step process does not apply to discrimination cases, and using this approach to decide the Commissioner's motion was error.

### B. Compliance with the Procedural Requirements in the EEOC Regulations

 Eleventh Circuit courts have subject-matter jurisdiction over Title VII claims only if the plaintiff "pursue[d] and exhaust[ed] her administrative remedies," *Crawford,* 186 F.3d at 1326, that is, "made a good faith effort to comply with the [EEOC] regulations and, particularly, to provide all the relevant, specific information available," *Wade,* 796 F.2d at 1376. And a Title VII plaintiff "cannot be deemed to have exhausted administrative remedies" unless she provides the agency with the information needed to evaluate the merits of her claim. *Id.* A contrary rule would disincentivize vigilance at the administrative level, *id.; see also Johnson v. Bergland,* 614 F.2d 415, 417–18 (5th Cir.1980), and frustrate the purpose of administrative exhaustion—providing the agency with the information it needs to resolve the dispute, *see Brown v. Snow,* 440 F.3d 1259, 1262 (11th Cir.2006).

 This explains why "the claim is [generally] barred for failure to exhaust administrative remedies" when an employee does not timely contact an EEO counselor. *Shiver v. Chertoff,* 549 F.3d 1342, 1344 (11th Cir.2008). After all, an employee who fails to allege or adduce any evidence (after receiving an opportunity to do so) that she initiated the administrative-review process within forty-five days and who offers no reasonable explanation for why she skipped administrative steps cannot be deemed to have made "a good-faith effort to comply with the pertinent regulations and timely seek administrative reme-

dies." *Rueda–Rojas v. United States,* 477 Fed.Appx. 636, 637 (11th Cir.2012).

 To be clear: timely contact with an EEO counselor is not a jurisdictional prerequisite. *Ramirez,* 686 F.3d at 1243. Neither is filing a formal complaint or the expiration of the 180–day waiting period. These are conditions precedent to a Title VII action. *See, e.g., Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1000–10 (11th Cir.1982) (holding that all conditions precedent to a Title VII action are not jurisdictional prerequisites); *Myers v. Cent. Fla. Invs., Inc.,* 592 F.3d 1201, 1223–24 (11th Cir.2010) (noting that in some circumstances sexual-harassment suits may proceed even though the plaintiff did not file an EEOC complaint); *Brown,* 440 F.3d at 1263–65 (holding that filing a civil complaint before the end of the 180–day waiting period alone was not a failure to exhaust).

But subject-matter jurisdiction in a Title VII case exists only if the plaintiff made a good-faith effort to comply with the EEOC regulations before filing suit. *Brown,* 440 F.3d at 1263. Because complying with the procedural requirements of the EEOC regulations is often called *administrative exhaustion,* courts must distinguish between administrative exhaustion as a condition precedent and administrative exhaustion as a jurisdictional prerequisite.

 As a condition precedent, the Supreme Court has noted that the EEOC procedural requirements are "like a statute of limitations, [and thus] subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In this circuit the plaintiff's failure to exhaust can be excused in three situations: "situations in which an action was pending before a state court, situations in which the defendant had concealed facts supporting a cause of action under

Title VII, and situations in which the plaintiff was misl[e]d by the defendant about the nature of his rights under Title VII." *Manning v. Carlin,* 786 F.2d 1108, 1109 (11th Cir.1986) (citing *Chappell v. Emco Mach. Works Co.,* 601 F.2d 1295, 1302–03 (5th Cir.1979)); *see also Blumberg v. HCA Mgmt. Co.,* 848 F.2d 642, 644 (5th Cir. 1988) (following *Chappell* and discussing "three possible bases for tolling"). But if none of these situations is involved, the suit may be dismissed for failure to exhaust. *E.g., Manning,* 786 F.2d at 1109.

As a jurisdictional prerequisite, the Eleventh Circuit has never held that a court lacks subject-matter jurisdiction whenever a plaintiff does not comply with the EEOC time-to-file requirements unless one of these situations applies.[4] The *Brown* court considered "whether prematurely filing a complaint is, by itself, a failure to exhaust administrative remedies," 440 F.3d at 1263, and held that it was not. The court found that the record did not indicate that the plaintiff had not made a good-faith effort to participate in the administrative-remedy process, and there was no evidence that the IRS (the agency where the discrimination allegedly occurred) or the EEOC (the agency to which the plaintiff appealed after the IRS rendered a decision on his formal complaint)[5] were denied an opportunity to investigate and resolve his claim. *Id.* at 1264. Indeed, the court noted that "the IRS may have been responsible" for misleading the plaintiff about when his judicial complaint had to be filed. *Id. Brown* thus teaches that courts inquiring into *jurisdictional* administrative exhaustion should focus on (1) whether the plaintiff's conduct constitutes a good-faith effort to comply with the EEOC regulations, and (2) whether the plaintiff afforded the agency an opportunity to resolve the issue informally. This fact-specific jurisdictional inquiry is not uncommon for federal courts, which must apply a similar approach in diversity cases.

### C. Pleading a Title VII Claim in the Eleventh Circuit and Burdens of Proof on a Motion to Dismiss for Failure to Exhaust Administrative Remedies

Because compliance with the EEOC procedural regulations is a condition precedent that can affect the court's subject-matter jurisdiction, pleading a Title VII claim in the Eleventh Circuit implicates Federal Rules of Civil Procedure 8(a) and 9(c). *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that Rule 8(a)'s pleading standard applies to Title VII complaints); FED. R. CIV. P. 9(c) (discussing pleading of conditions precedent). Under Rule 8(a)(1) the plaintiff must include "a short and plain statement of the grounds for the court's jurisdiction." That is, facts that when taken as true establish a good-faith effort to comply with the EEOC regulations. *Cf. Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir.2003) ("[T]o invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.... A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." (internal citations omitted)). And under

---

**4.** Conversely, if one of these situations applies, a court must have jurisdiction; otherwise, the plaintiff would be denied a forum in which to seek relief.

**5.** Once a federal agency issues a final decision on a formal complaint, the aggrieved employee may seek review either with the EEOC or in federal court. *Holder v. Nicholson,* 287 Fed.Appx. 784, 790 (11th Cir.2008).

Rule 9(c) the plaintiff "may allege generally that all conditions precedent have occurred or been performed," but the party "denying that a condition precedent has occurred or been performed ... must do so with particularity."

Here, the issue is how an employer's motion to dismiss for failure to exhaust administrative remedies should be decided when the employer also properly denies that the plaintiff fulfilled a condition precedent to suit.

■■■■■ To begin, in every case federal courts "have an independent obligation to determine whether jurisdiction exists" and thus "may consider questions of jurisdiction *sua sponte.*" *Anago Franchising v. Shaz, LLC,* 677 F.3d 1272, 1275 (11th Cir. 2012). Challenges to subject-matter jurisdiction come in two varieties: facial and factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir.2009). In a facial challenge, the court considers whether jurisdiction exists based on only the allegations in the complaint, which are taken as true. *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1335 (11th Cir.2013). In a factual challenge, the court is " 'free to weigh the facts' and is 'not constrained to view them in the light most favorable' to the plaintiff." *Id.* at 1336 (quoting *Carmichael,* 572 F.3d at 1279). In either challenge, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir.2005); *cf. Federated Mut. Ins.,* 329 F.3d at 807 ("[W]here jurisdiction is based

on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.").

■■■ The plaintiff also bears the burden of proof when the defendant particularly denies that the conditions precedent to suit have been satisfied. In this circuit, the defendant's denials may be raised in a motion to dismiss (rather than an answer) as long as they meet Rule 9(c)'s particularity requirement. *See, e.g., EEOC v. Klingler Elec. Corp.,* 636 F.2d 104, 107 (5th Cir. Unit A Feb.1981) (holding that "it was appropriate for the district court to inquire into the adequacy of the [condition precedent]" when the defendant raised the issue with particularity in a motion to dismiss filed in lieu of an answer); *see also Associated Mech. Contractors, Inc. v. Martin K. Eby Constr. Co.,* 271 F.3d 1309, 1317 (11th Cir.2001) ("The specific denial of performance of conditions precedent may be raised by motion as well as by answer."). Once the defendant properly denies that the conditions precedent have been fulfilled, "[t]he plaintiff then bears the burden of proving that the conditions precedent ... have been satisfied." *Jackson,* 678 F.2d at 1010.[6]

Here, the Commissioner's motion to dismiss for failure to exhaust administrative remedies specifically challenges whether Bloodworth satisfied the conditions precedent to suit. Thus, in deciding this motion the first inquiry is whether Bloodworth

---

**6.** This is another way in which Title VII and PLRA suits are different. In PLRA cases administrative exhaustion is an affirmative defense, so the defendant has the burden of proof. *See Turner,* 541 F.3d at 1082 ("The defendants bear the burden of proving that the plaintiff has failed to exhaust [her] available administrative remedies."). But in Title VII cases the plaintiff's timely contact or filing (i.e., administrative exhaustion) only "functions like a statute of limitations." *Ramirez,* 686 F.3d at 1243. This functioning, however, is limited and does not change the burden of proof regarding denials of conditions precedent.

made a good-faith effort to comply with the EEOC regulations and whether the SSA had an opportunity to resolve the issue informally. The next inquiry is whether Bloodworth satisfied the conditions precedent to suit, and if not, whether her failure to do so can be excused. On both of these questions, Bloodworth bears the burden of proof.

### D. The Commissioner's Objections

The Commissioner moved to dismiss Bloodworth's May 2012 awards claim for failing to contact an EEO counselor within forty-five days and to dismiss her claim related to the 2008 sexual harassment for filing the judicial complaint almost three months before the formal complaint. Bloodworth did not file either a brief in opposition to this motion or a brief in opposition to the Commissioner's objections to the R & R.

■ Bloodworth's complaint [7] does not provide the date when the May 2012 awards claim allegedly occurred. Nor does the record reveal that Bloodworth ever contacted an EEO counselor about such a claim. And because she did not file a response to the Commissioner's motion or objections, nothing in the record suggests that she made a good-faith effort to comply with the EEOC regulations. Accordingly, her May 2012 awards claim will be dismissed without prejudice for lack of subject-matter jurisdiction.

■ The record shows that Bloodworth filed a formal complaint with the SSA about the sexual harassment that allegedly occurred in 2008 on October 25, 2012— nearly three months after she had filed her complaint in this case. The question then is whether filing a lawsuit before a formal

complaint constitutes a failure to exhaust administrative remedies. The facts here are quite different from those in *Brown.* First, the plaintiff in *Brown* filed a formal complaint with the agency, which rendered a final decision on Brown's claim, before appealing to the EEOC. Here, the formal complaint was filed months *after* the judicial complaint and no final decision has ever been issued. Second, although the plaintiff in *Brown* filed his judicial complaint thirty-five days early, there was no evidence that the EEOC review of the IRS's decision was adversely affected. Here, there is no final decision to be reviewed. Finally, there is no indication in the record, like there was in *Brown,* that the agency may have misled Bloodworth about when she needed to file her claim.

Thus, unlike in *Brown,* the record here does not support a conclusion that Bloodworth made a good-faith effort to comply with the EEOC regulations or that the SSA had an opportunity to resolve the issue informally. While the record does note that the SSA conducted some sort of "investigation" related to this claim in January 2012, there is no evidence that this was a formal investigation of the type mandated by 29 C.F.R. § 1614.108. So despite bearing the burden of proof, Bloodworth has failed to adduce any evidence establishing that she made a good-faith effort to comply with the EEOC regulations or to explain her reason for seeking judicial relief prematurely. Accordingly, her 2008 sexual harassment claim will be dismissed without prejudice for lack of subject-matter jurisdiction.

The Court has reviewed the other factual findings and conclusions in the R & R for clear error. The unobjected-to factual findings are adopted. The recommenda-

---

7. Like the magistrate judge, the Court treats both the complaint [1] and Bloodworth's 128–page response to the magistrate judge's order to produce her right-to-sue notice [4]—which was never produced—as the "complaint."

tion that the claims related to the denial of training and promotion (March 2013) be dismissed as premature is rejected in part. Additionally, the recommendation that the claims related to the SSA's failure to promote Bloodworth to (1) the position of legal assistant or paralegal specialist (February 2012), and (2) various positions between April 2007 and September 2008 be dismissed without prejudice as time-barred is rejected in part. There is no evidence that Bloodworth made a good-faith effort to comply with the EEOC regulations in pursuing any of these claims. Thus, they should have been dismissed without prejudice for lack of subject-matter jurisdiction.

## IV. Conclusion

The R & R is ADOPTED IN PART AND REJECTED IN PART. The Commissioner's partial motion to dismiss [16] is GRANTED. Accordingly, Bloodworth's discrimination claims related to (1) the SSA's failure to promote her to the position of legal assistant or paralegal specialist (February 2012), (2) the SSA's failure to promote her to various positions between April 2007 and September 2008, (3) her alleged suspension and denial of awards (May 2012), (4) sexual harassment (2008), and (5) the alleged denial of training and promotion to administrative assistant (March 2013) are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.