[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13270

Argument Calendar

————————————————

ALFREIDA HOGAN,

Plaintiff-Appellant,

*versus*

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-01244-MHH

————————————————

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

JORDAN, Circuit Judge:

Alfreida Hogan appeals the district court's dismissal of her race discrimination and retaliation claims against her former employer, the Department of Veterans Affairs, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a). The district court concluded that it lacked subject-matter jurisdiction based on our decision in *Crawford v. Babbitt*, 186 F.3d 1322 (11th Cir. 1999), due to Ms. Hogan's untimely filing of her administrative complaint. On appeal, Ms. Hogan argues that we should overrule *Crawford* and hold that administrative exhaustion for a public-sector Title VII claim is a claims-processing rule, subject to equitable tolling, rather than a jurisdictional requirement.

In *Crawford*, the former federal employee did not provide documents requested by the agency and by an EEOC administrative law judge and thereby failed to exhaust her administrative remedies for purposes of her claim for compensatory damages. *See* 186 F.3d at 1326–27 ("Because Crawford failed to respond to the Agency's request for information relevant to her claim for compensatory damages, she failed to exhaust her administrative remedies."). *Crawford* does not control because the issue presented here is a different one—a federal employee's failure to comply with the 15-day deadline to file a formal administrative complaint with the federal agency. That 15-day deadline, which is set out in an EEOC regulation, 29

C.F.R. §§ 1614.106(b), is expressly subject to "waiver, estoppel, and equitable tolling." 29 C.F.R. § 1614.604(c). Because it is subject to equitable tolling, the 15-day deadline is a claims processing rule rather than a jurisdictional requirement. The district court erred in concluding otherwise.

In addition, *Crawford* cannot be read to stand for the proposition that a federal employee's failure to exhaust administrative remedies under Title VII deprives a district court of subject-matter jurisdiction. First, in a case decided more than a decade before *Crawford* we explained that a federal employee's filing of an untimely charge of discrimination with the agency—the scenario presented here—is subject to equitable tolling. *See Grier v. Sec'y of the Army*, 799 F.2d 721, 724 (11th Cir. 1986). Second, to the extent that *Crawford* indicates that a failure to timely exhaust administrative remedies is jurisdictional, it is inconsistent with the Supreme Court's recent decision in *Fort Bend County v. Davis*, 587 U.S. 541, 543–44, 550–52 (2019) (holding, in a case involving a non-federal employee, that Title VII's charge-filing requirement is not jurisdictional).

Nevertheless, we affirm the district court's order of dismissal. Ms. Hogan has not shown that she is entitled to equitable tolling of the 15-day deadline.[1]

---

[1] We appointed Braden Morrell to represent Ms. Hogan on appeal, and thank him for his service.

## I

We begin by describing the statutory and regulatory Title VII framework for claims against federal agencies, and then summarize the proceedings in the district court.

## A

As relevant here, Title VII prohibits employment discrimination on the basis of race by federal agencies. *See* 42 U.S.C. § 2000e-16(a). EEOC regulations implementing Title VII prescribe a system of administrative remedies a federal employee must exhaust before bringing suit in federal court. The employee must first initiate contact with a counselor within 45 days of the allegedly discriminatory action. *See* 29 C.F.R. § 1614.105(a). The agency and the employee can then pursue informal attempts at resolution; if those prove unsuccessful, the agency counselor must then inform the employee of her right to file a formal administrative complaint with the agency. *See* 29 C.F.R. § 1614.105(b)–(d). The employee must file that complaint within 15 days of receiving notice from the counselor of her right to do so. *See* 29 C.F.R. § 1614.106(b).

Once the employee files her formal administrative complaint, the agency must acknowledge receipt in writing and confirm the date on which the complaint was filed. *See* 29 C.F.R. § 1614.106(e). Unless the agency and the employee agree to an extension, the agency has 180 days from the date of filing to either investigate the complaint or inform the employee that it was unable to complete its investigation within the time limit. *See* 29

C.F.R. § 1614.108(e)–(g).  The employee may request a hearing on her complaint.  *See* 29 C.F.R. § 1614.108(h).  The agency's administrative process concludes with a final agency decision.  The employee may file a civil suit in federal court within 90 days of that decision.  *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.110(a).

Under certain circumstances, an agency can dismiss a formal administrative complaint before a hearing and full investigation.  *See* 29 C.F.R. § 1614.107.  One of these grounds for early dismissal is the employee's failure to comply with the 15-day deadline to file an administrative complaint after receiving notice of her right to do so.  *See* 29 C.F.R. § 1614.107(a)(2).  An EEOC regulation provides that this 15-day filing requirement, like all time limits found in Part 1614 of Title 29 of the Code of Federal Regulations, is "subject to waiver, estoppel and equitable tolling 29 C.F.R. § 1614.604(f)."[2]

**B**

Ms. Hogan, an African-American woman, was employed by the Department of Veterans Affairs as a nurse practitioner from July 2012 until March 2019, when she was demoted to staff nurse and then quit.  She alleges that she was harassed and given false, negative performance reviews by her immediate supervisor because of her race, which led to her demotion.

---

[2] Prior to August 24, 2023, 29 C.F.R. § 1614.604(f) had been codified as 29 C.F.R. § 1614.604(c).  The new codification did not result in any change in wording.  *See* 88 Fed. Reg. 57879, 57881 (Aug. 24, 2023).

In April of 2019, Ms. Hogan contacted her agency counselor, asserting that she had been illegally discriminated against on the basis of her race. The counselor informed her on July 3, 2019, that the agency had ended its efforts at informal resolution and that she could bring a formal administrative complaint against the VA to continue pursuing her claim. Ms. Hogan concedes that she received this notice no later than July 10, 2019. She had 15 days from this date to file an administrative complaint with the agency. *See* 29 C.F.R. § 1614.106(b).

Ms. Hogan's counsel claims that he emailed the formal administrative complaint to the VA on July 19, 2019, within the 15-day window. But the VA never received this email. When asked, counsel said that he could not produce any records of sending the email because he had changed computers in the interim. This was despite the fact that he was able to produce records of other emails that he had sent around the same time period.

In October of 2019, the director of the VA facility where Ms. Hogan had been employed informed her that it was planning to formally report her to the Alabama Board of Nursing for deficient performance. Ms. Hogan disputed the factual basis for the report and alleged that it was filed in retaliation for her discrimination claim. The Board of Nursing ultimately took no action on Ms. Hogan's nursing license.

Ms. Hogan and the VA did not communicate further until her counsel phoned the agency on April 16, 2020. During that call, counsel learned that the VA had never received a formal

administrative complaint from Ms. Hogan. Counsel successfully emailed his client's complaint to the agency the next day. But because the 15-day deadline had long expired, the VA dismissed the complaint in its entirety. The VA declined to extend the filing deadline because it found that Ms. Hogan's counsel had not exercised due diligence to follow up on her case despite receiving no communication from the agency for nine months.

Following the VA's dismissal, Ms. Hogan filed suit in federal court, raising two claims under Title VII: a hostile work environment claim based on the circumstances surrounding her demotion, and a retaliation claim based on the VA's report to the Alabama Board of Nursing. The district court dismissed the action, reasoning that under our decision in *Crawford*, 186 F.3d at 1326-27, a federal employee's failure to exhaust administrative remedies serves as a jurisdictional bar to a subsequent Title VII action. The district court noted that the Supreme Court had recently held in *Fort Bend County*, 587 U.S. at 543-44, 550-52, that Title VII's charge-filing requirement for suits against private and state- and local-government employers was a non-jurisdictional, claim-processing rule. But it declined to apply the reasoning of *Fort Bend County* to Ms. Hogan's suit against a federal employer because it believed it was bound by our earlier and contrary precedent in *Crawford*.

## II

We review questions of subject-matter jurisdiction de novo. *See Stone v. Comm'r of Internal Revenue*, 86 F. 4th 13120, 1324 (11th Cir. 2023). We may affirm on any ground supported by the record

as long as that ground was properly asserted.  *See Del Valle v. Secretary of State*, 16 F. 4th 832, 837 (11th Cir. 2021).

## III

In the district court, Ms. Hogan argued that the 15-day deadline imposed by 29 C.F.R. § 1614.106(b) to file a formal complaint with the VA was non-jurisdictional and subject to equitable tolling.  The government argued that under our decision in *Crawford* the 15-day period was jurisdictional, notwithstanding the Supreme Court's recent decision in *Fort Bend County*.  But on appeal the parties have swapped positions.  Ms. Hogan now concedes that *Crawford* governs her case but argues that it was abrogated by *Fort Bend County*.  The government confesses error, saying that *Crawford* does not govern this case after all and that the 15-day deadline to file a formal complaint is not jurisdictional.  The government argues that we should affirm the district court's dismissal order anyway on the alternative ground that Ms. Hogan is not entitled to equitable tolling.

## A

In *Crawford*, a former employee of the federal Fish and Wildlife Service filed an official administrative complaint with the agency.  She alleged sexual harassment and retaliation, which she asserted caused her to suffer an ulcer and other stress-induced medical problems.  *See* 186 F.3d at 1324.  In advance of an administrative hearing on her claims, the agency asked the employee for her medical records; the EEOC administrative law judge overseeing the hearing also advised her that she would not

22-13270                Opinion of the Court                9

be awarded compensatory damages without providing the requested evidence. *See id.*

The employee never provided the requested records. The agency granted her injunctive relief but denied her claims for compensatory damages for her alleged medical issues. *See id.* at 1324–25. The employee then sued the agency in federal court under Title VII. The district court granted partial summary judgment in favor of the employee on the issue of Title VII liability. It awarded her injunctive relief but denied her request for compensatory damages. The employee appealed the denial of those damages. *See id.* at 1325.

On remand from the Supreme Court, we held that a "federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." *Id.* at 1326. "Where an agency or the EEOC requests information relevant to resolving the employee's complaint and the employee fails to provide that information, the employee has failed to exhaust her administrative remedies." *Id.* As a result, the district court lacked jurisdiction to entertain the employee's Title VII claim for compensatory damages. *See id.* at 1326–27.

*Crawford* does not control here. This case, unlike *Crawford*, does not involve a federal employee's failure to comply with an agency's request for records in a Title VII administrative proceeding. It instead involves a federal employee's failure to file a formal administrative complaint with the agency within the 15-day period prescribed by 29 C.F.R. § 1614.106(b) ("A complaint

must be filed within 15 days of receipt of the notice required by [29 C.F.R.] § 1614.105(d), (e), or (f).").[3]

We easily conclude that the 15-day deadline is a claims-processing rule and not a jurisdictional requirement. That period is set out in a regulation which is contained in Part 1614 of Title 29 of the Code of Federal Regulations. And another regulation in Part 1614 provides that "[t]he time limits in this [P]art are subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(f). Given that it is expressly subject to equitable tolling, the 15-day period in § 1614.106(b) is a claims-processing rule. *See Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 49 (1st Cir. 2014) (agreeing that the 15-day period set out in 29 C.F.R. § 1614.106(b) "is, in certain circumstances, 'subject to waiver, estoppel, and equitable tolling'") (quoting 29 C.F.R. § 1614.604(c) [now 29 C.F.R. §1616.604(f)]); *Wilson v. Sec'y, Dep't of Veterans Affs.*, 65 F.3d 402, 404 (5th Cir. 1995) ("EEOC regulations allow that '[t]he time limits in this part are subject to waiver, estoppel and equitable tolling.'") (quoting 29 C.F.R. § 1614.604(c) [now 29 C.F.R. § 1616.604(f)]). The district court erred in ruling that Ms. Hogan's failure to file a timely formal administrative complaint deprived it of subject-matter jurisdiction.

---

[3] Title VII contains no statutory provision setting out a time limit for federal employees to file formal administrative complaints with agencies. Instead, Congress has authorized the EEOC to issue "rules, regulations, orders and instructions . . . as it deems necessary and appropriate to carry out its [statutory] responsibilities[.]" 42 U.S.C. § 2000e-16(b).

## B

There are two additional reasons why *Crawford* cannot be read to establish a bright-line rule that any failure to exhaust Title VII administrative remedies is jurisdictional. To ensure that district courts do not improperly rely on *Crawford*, we set out those reasons below.

First, in a Title VII case involving a federal employee which was decided more than a decade before *Crawford*, we explained that the untimely filing of an administrative complaint with the agency is not a jurisdictional bar and is instead subject to equitable tolling. *See Grier*, 799 F.2d at 724 ("While the timeliness requirement does not erect a jurisdictional prerequisite to suit, this does not 'suggest[ ] that parties complaining of federal employment discrimination in violation of Title VII should ever be waived into court without filing *any* initial charge with the agency whose practice is challenged.' Plaintiff may still file an untimely charge and make her initial argument for equitable tolling in that forum.") (citations omitted). To the extent that *Crawford* can be read to suggest that the untimely filing of an administrative complaint with the agency is a jurisdictional bar to a later Title VII suit in federal court, it cannot be squared with *Grier*. And because *Grier* is the earlier decision, it controls in the event of a conflict that cannot be reconciled. *See Harris v. Lincoln Nat'l Life Ins. Co.*, 42 F.4th 1292, 1297 (11th Cir. 2022). *See also Ramirez v. Secretary. U.S. Dep't of Transportation*, 686 F.3d 1239, 1243 (11th Cir. 2012) (explaining that the 45-day period for a federal employee to initiate contact with an EEO counselor is "not jurisdictional," and "functions like a statute

of limitations" which is "'subject to waiver, estoppel, and equitable tolling'") (citation omitted).

Second, the Supreme Court recently held in *Fort Bend County*—a case involving a non-federal employee—that the charge-filing requirement in Title VII, 42 U.S.C. § 2000e-5(e)(1), (f)(1), is not jurisdictional. "Title VII's charge-filing requirement," the Court explained, "is not of jurisdictional cast. Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3) (giving federal courts 'jurisdiction [over] actions brought under this subchapter'). Separate provisions of Title VII, § 2000e–5(e)(1) and (f)(1), contain the Act's charge-filing requirement. Those provisions 'd[o] not speak to a court's authority,' or 'refer in any way to the jurisdiction of the district courts[.]' Instead, Title VII's charge-filing provisions 'speak to . . . a party's procedural obligations.'" *Fort Bend County*, 587 U.S. at 551–52 (footnote and citations omitted).

*Crawford* never meaningfully explained why an employee's failure to exhaust Title VII administrative remedies deprives a court of subject-matter jurisdiction. It just said that this was so. It therefore constituted what the Supreme Court has described as a "drive-by" jurisdictional ruling, i.e., one that "miss[es] the 'critical differences between true jurisdictional conditions and nonjurisdictional limitations on causes of action[.]" *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) (citation omitted). Given

that the 15-day deadline at issue here is set out in a regulation, and not a statute, *Fort Bend County* confirms that a federal employee's untimely filing of an administrative complaint with the agency is subject to equitable tolling. *See Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F. 4th 1214, 1223 (11th Cir. 2022) (explaining that an intervening Supreme Court decision undermines a prior panel decision to the point of abrogation when it demolishes and eviscerates each of the panel's fundamental propositions).

### C

Having determined that Ms. Hogan's untimely administrative complaint is subject to equitable tolling, we next address whether such tolling is appropriate on this record. Equitable tolling "is an extraordinary remedy." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citation omitted). As a result, it will not extend to "a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

The party seeking tolling must prove (1) that she has been "pursuing h[er] rights diligently," and (2) that some "extraordinary circumstance" prevented timely filing. *See Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (internal quotation marks and citation omitted). The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (addressing AEDPA's statute of limitations for habeas corpus petitions) (internal quotation marks and citation omitted).

Ms. Hogan's request for equitable tolling rests on the mistaken belief that her counsel had timely emailed the VA her administrative complaint on July 19, 2019.  Had the VA received her complaint, it would have been required to acknowledge that receipt in writing.  *See* 29 C.F.R. § 1614.106(e).  Then, within 180 days, the VA would have been required to either provide Ms. Hogan the results of its investigation or inform her that it could not complete its investigation.  *See* 29 C.F.R. § 1614.108(e)–(g).

Neither of these two things occurred, and that should have alerted Ms. Hogan and her counsel to the fact that she had never filed her administrative complaint in the first place.  But they waited until April 2020—about nine months—without any response from the VA to the purported complaint before finally following up.  Because Ms. Hogan failed to diligently pursue her rights, she is not entitled to equitable tolling of the 15-day deadline to file her formal complaint.  "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).  *Cf. Villareal*, 839 F.3d at 972 ("We have no difficulty in concluding, as a matter of law, that a plaintiff who does nothing for two years is not diligent.").

## IV

The district court's order of dismissal is affirmed.

**AFFIRMED.**