# United States Tax Court

T.C. Memo. 2025-44

HERBERT J. STOKEY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 15645-23.                                    Filed May 12, 2025.

————

Herbert J. Stokey, pro se.

*Michael C. D'Aries* and *Brian J. Bilheimer*, for respondent.


## MEMORANDUM OPINION

LAUBER, *Judge*: This case concerns petitioner's Federal income tax liability for 2021. Respondent has filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, contending that petitioner did not petition this Court within the time prescribed by section 6213 and that the circumstances do not warrant "equitable tolling" of the filing deadline.[1] We agree and accordingly will grant the Motion.

### *Background*

On February 6, 2023, the Internal Revenue Service (IRS or respondent) sent petitioner by certified mail a Notice of Deficiency for 2021 that determined a deficiency of $4,624. The record includes a U.S.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Postal Service (USPS) Form 3877, Firm Mailing Book for Accountable Mail, showing that this Notice was mailed to petitioner at an address in Hauppauge, New York. This was the address shown on petitioner's 2021 Federal income tax return, his most recently filed return.

The Notice advised petitioner that he had 90 days from the date of the Notice to file a petition with this Court for redetermination of the 2021 deficiency. The 90th day after February 6, 2023, was May 7, 2023, a Sunday. The Notice thus specified May 8, 2023, as the last day to petition this Court. However, because petitioner was an affected taxpayer with respect to snowstorms in upstate New York, the time for filing his Petition was extended to May 15, 2023, pursuant to section 7508A(a). *See* I.R.S. News Release IR-2023-58 (Mar. 24, 2023).

Petitioner moved to New Jersey in early 2023. He informed the IRS of his New Jersey address on April 27, 2023, when he filed his 2022 Federal income tax return. After receiving the 2022 return, the IRS updated its internal database to reflect the New Jersey address as petitioner's correct address.

Petitioner mailed his Petition to the Court in an envelope postmarked September 27, 2023. That date was 135 days after the deadline for filing a timely petition with this Court. The Petition was filed by the Court on October 2, 2023.

When petitioner did not timely petition this Court for redetermination of the 2021 deficiency, the IRS assessed the tax for 2021. On June 12, 2023, the IRS mailed to petitioner a tax bill for 2021 in the amount of $4,946 (including interest). That document was mailed to his New Jersey address.

On October 9, 2024, respondent filed a Motion for Summary Judgment contending that he was entitled to judgment as a matter of law because the Petition was not timely filed. We subsequently recharacterized that filing as a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Motion). We directed petitioner to respond to the Motion by November 13, 2024, advising him as follows:

> Notwithstanding the late filing of the Petition . . . we can decide petitioner's case if he can establish facts entitling him to "equitable tolling." . . . Respondent contends that petitioner has not alleged facts that would entitle him to equitable tolling of the [filing] deadline. We will direct petitioner to respond to the Motion. If he believes that he is

**[\*3]**  entitled to equitable tolling, he shall set forth in his response, and include in an accompanying declaration, whatever facts he believes show that he diligently pursued his right to petition this Court, but that extraordinary circumstances prevented him from meeting the filing deadline.

Petitioner did not respond to our Order by November 13, 2024, the deadline we set, or subsequently. Because he did not respond to the Motion, we could rule against him for that reason alone. *See* Rule 121(d). We will nevertheless address respondent's Motion on the merits.

*Discussion*

I.  *Validity of Deficiency Notice*

This Court's jurisdiction in a deficiency case is predicated on a valid notice of deficiency and a timely filed petition. §§ 6213, 7442; Rule 13(a); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 166–67 (2022); *Monge v. Commissioner*, 93 T.C. 22, 27 (1989). A notice of deficiency will generally be deemed valid if it is mailed to a taxpayer at his last known address. § 6212(b); *Pietanza v. Commissioner*, 92 T.C. 729, 736 (1989), *aff'd*, 935 F.2d 1282 (3d Cir. 1991) (unpublished table decision); *Frieling v. Commissioner*, 81 T.C. 42, 52 (1983). So long as the notice is mailed to the taxpayer's last known address, it is valid even if the taxpayer does not actually receive it. *See United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984). For taxpayers in the United States, the petition must be generally filed within 90 days after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). § 6213(a).

Respondent bears the burden of proving by competent and persuasive evidence the proper mailing of the notice of deficiency. *Coleman v. Commissioner*, 94 T.C. 82, 90–91 (1990). Generally, if the IRS establishes that the notice existed and produces documentary evidence showing that it was sent to the taxpayer's last known address, the IRS is entitled to a presumption of proper mailing. *See Coleman*, 94 T.C. at 90–91; *Magazine v. Commissioner*, 89 T.C. 321, 327 n.8 (1987) (holding that USPS Form 3877 constitutes direct evidence of the date of mailing a notice of deficiency). If a taxpayer fails to rebut this presumption, the Court may find that the taxpayer received the notice. *Sego v. Commissioner*, 114 T.C. 604, 610–11 (2000).

The record establishes that the IRS mailed the Notice of Deficiency to petitioner at his last known address. "[A] taxpayer's last

**[\*4]** known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the [IRS] is given clear and concise notification of a different address." Treas. Reg. § 301.6212-2(a).  The Notice was dated February 6, 2023, and it was mailed to petitioner at his address in Hauppauge, New York.  That was the address shown on his most recently filed Federal income tax return, i.e., his return for 2021.

Petitioner resided in New Jersey on September 27, 2023, when he mailed his Petition to this Court.  His Petition included a copy of the Notice of Deficiency, on which he penned the following question: "The correct address was submitted to the IRS.  So why was this notice sent to the above [i.e., the Hauppauge NY] address?"

In asserting that his new address was "submitted to the IRS," petitioner evidently referred to the filing of his 2022 tax return, which showed the New Jersey address.  But that return was not filed until April 27, 2023, more than 11 weeks after the Notice of Deficiency for 2021 had been mailed.  Petitioner does not allege, and he has submitted no evidence, that he gave the IRS "clear and concise notification of [his new] address" before the date on which he filed his 2022 return.  *See* Treas. Reg. § 301.6212-2(a).  Petitioner's last known address as of February 6, 2023—the date on which the Notice of Deficiency was mailed— was thus his address in Hauppauge, New York.  *See Coleman*, 94 T.C. at 90–91; *Magazine*, 89 T.C. at 324; Treas. Reg. § 301.6212-2(a).  The Notice of Deficiency was therefore valid.

II.    *Availability of Equitable Tolling*

Given the validity of the Notice, the last date for petitioner to file a timely Petition with the Court was May 8, 2023, a date later extended to May 15, 2023, for taxpayers affected by snowstorms in upstate New York.  *See* § 7508A(a); I.R.S. News Release IR-2023-58.  The Petition was mailed on September 27, 2023, 135 days after the extended deadline. The Petition was filed by the Court on October 2, 2023, 140 days after the extended deadline.  Petitioner does not appear to dispute that the Petition was untimely.

Because petitioner lived in New Jersey when he filed the Petition, appeal of this case (absent stipulation to the contrary) would lie to the U.S. Court of Appeals for the Third Circuit.  *See* § 7482(b)(1)(A), (2). That court has ruled that the 90-day period for filing a petition in a deficiency case is not jurisdictional and is subject to equitable tolling.  *See*

[*5] *Culp v. Commissioner*, 75 F.4th 196 (3d Cir. 2023). Under *Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971), we will "follow a Court of Appeals decision which is squarely in point where the appeal from our decision lies to that Court of Appeals." We thus follow the Third Circuit's ruling here.

To be entitled to equitable tolling, a taxpayer must establish that (1) he pursued his rights diligently and (2) extraordinary circumstances beyond his control prevented him from filing on time. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016); *Belagio Fine Jewelry, Inc. v. Commissioner*, No. 35762-21, 164 T.C., slip op. at 9 (Apr. 14, 2025); *Sanders v. Commissioner*, 160 T.C. 563, 575 (2023) (citing *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). The first prong of the test requires that a litigant take all reasonable steps to ensure the timeliness of his petition. *See Holland v. Florida*, 560 U.S. 631, 653 (2010); *Hogan v. Dep't of Veterans Affs.*, 121 F.4th 172, 178 (11th Cir. 2024); *Thomas v. Florida*, 795 F.3d 1286, 1291 (11th Cir. 2015). The second prong of the test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *See Menominee Indian Tribe of Wis.*, 577 U.S. at 257. Equitable tolling is applied sparingly. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *Belagio Fine Jewelry, Inc.*, 164 T.C., slip op. at 9.

By Order served October 11, 2024, we directed petitioner to respond to the Motion and to set forth in his response "whatever facts he believes show that he diligently pursued his right to petition this Court." We also asked him to explain what "extraordinary circumstances prevented him from meeting the filing deadline." He did not respond to our Order by the deadline we set or subsequently.

On the copy of the Notice of Deficiency included with his Petition, petitioner penned the following statement: "This letter [viz., the Notice of Deficiency] was not received until the third week in June . . . so it was impossible to file [a] petition on May 8, 2023," the filing deadline specified in the Notice of Deficiency. This assertion, without more, is insufficient to establish petitioner's entitlement to equitable tolling. He has alleged no facts to support his assertion that he did not receive the Notice of Deficiency until June 2023. And he failed to set forth the relevant facts "in an accompanying declaration," as we explicitly directed in our October 11, 2024, Order.

In any event petitioner has alleged no facts to establish that he diligently pursued his rights. *See Menominee Indian Tribe of Wis.*,

**[*6]** 577 U.S. at 255–57. Assuming arguendo that he did not receive the Notice "until the third week in June," he was immediately aware that the filing deadline had passed. Diligent pursuit of his rights would dictate that he petition this Court as quickly as possible. He has not explained what "extraordinary circumstance" caused him to wait until September 27, 2023, to mail his Petition, which was self-prepared. In 2023 "the third week in June" ended at the latest on June 24, no matter how one counts. Petitioner did not mail his Petition until 95 days later, despite the Notice's warning that he must file his Petition within 90 days to enable this Court to consider his case.

In sum, despite the directives contained in our October 11, 2024, Order, petitioner has neither alleged nor proved any facts that would entitle him to equitable tolling of the 90-day filing deadline. We thus have no alternative but to grant respondent's Motion.

To implement the foregoing,

*An appropriate order and decision will be entered.*